**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD JOHANNES, | No. 12-55034 |
| Plaintiff - Appellant, | D.C. No. 2:02-cv-03197-SVW-VBK |
| v. | |
| COUNTY OF LOS ANGELES; LEROY BACA, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 10, 2014**

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Gerald Johannes appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging constitutional violations during his

detention in the Los Angeles County Jail pursuant to California's Sexually Violent

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Predator Act ("SVPA"). We review de novo summary judgment and for an abuse of discretion the district court's rulings concerning discovery. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Johannes's equal protection claim because Johannes failed to raise a genuine dispute of material fact as to whether he was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment, or whether he was intentionally discriminated against based on his membership in a protected class. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (standard for "class of one" equal protection claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for equal protection claim based on membership in protected class).

The district court properly granted summary judgment on Johannes's claims based on alleged violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [the plaintiff] to demonstrate a violation of federal law, not state law.").

The district court properly granted summary judgment on Johannes's claims against defendant Baca in his individual capacity because Johannes failed to establish a genuine dispute of material fact as to whether defendant Baca was

12-55034

personally involved in any constitutional violation or whether there was a causal connection between his conduct and any alleged violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court properly granted summary judgment on Johannes's claims alleging municipal liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (explaining that if an officer has not violated an individual's constitutional rights, "it is inconceivable that [the municipality] could be liable").

The district court did not abuse its discretion by denying Johannes further discovery before granting summary judgment, despite Johannes's motion to compel, because the court twice extended the discovery cut-off date, Johannes filed his motion to compel after the discovery cut-off date, and "summary judgment in the face of requests for additional discovery is appropriate" where "it is unlikely that additional discovery would have made a difference as to [the plaintiff's] ability to present relevant evidence." *Jones*, 393 F.3d at 930-31.

Johannes's contentions concerning the district court's alleged reliance on inadmissible evidence and failure to apply the standard applicable to SVPA detainees set forth in *Jones*, 393 F.3d at 931-34, are unpersuasive.

**AFFIRMED.**